UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ALMOND DALE HANDSHOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00163-HAB-SLC |
| ) | |
| **INDIANA STATE POLICE OFFICER** ) | |
| **#1,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is Defendants' Motion for a More Definite Statement filed on May 21, 2021, asserting they cannot reasonably prepare a meaningful response to *pro se* Plaintiff's complaint and asking that the Court order Plaintiff to make a more definite statement of his claims. (ECF 5). Plaintiff has not filed a response to the motion, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Thus, the motion is unopposed.

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements." *Dittmann v. Xerox Bus. Servs., LLC*, No. 2:16-CV-16-PPS-PRC, 2016 WL 3421163, at *1 (N.D. Ind. June 22, 2016). "In general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)). "Rule 12(e) motions should not be used as a substitution for discovery." *Dittmann*, 2016 WL 3421163, at *1 (citing *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011)). "However, a Rule 12(e) motion may be

appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties." *Id.* (citing *Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006)).

Here, Plaintiff alleges in his complaint that he was stopped by two unnamed Indiana State Police Officers. (ECF 1). The complaint, however, fails to state when the alleged stop occurred or any information about the identity of the two unnamed officers who allegedly stopped him. Furthermore, Defendants' attorney states that "[he] and the Indiana State Police have searched documents and reports related to Plaintiff in an effort to identify the time and place of his allegations and/or identities of the unnamed officers . . . . [but] to no avail." (ECF 5 ¶¶ 7, 8).

Having considered the instant motion, "[t]he Court finds that [Defendants'] motion is not the impermissible type designed to conduct premature discovery, nor is it intended to impermissibly elicit more facts from Plaintiff. Rather, [Defendants are] attempting to ascertain which facts and claims are alleged as to [which particular Defendant Officers]." *Dittmann*, 2016 WL 3421163, at *2. This is a problem curable by a Rule 12(e) motion, *see, e.g., id.*; *Collins*, 2006 WL 3627639, at *4, and to reiterate, Plaintiff has not filed a response in opposition to the motion, *see Dittmann*, 2016 WL 3421163, at *2.

Therefore, Defendants' Motion for a More Definite Statement (ECF 5), which is unopposed, is GRANTED. Plaintiff is ORDERED to file on or before June 29, 2021, an amended complaint that includes a more definite statement as to: (1) the identity of each Defendant officer, (2) the date of the alleged incident giving rise to his claims, and (3) which claims and factual allegations are levied against each officer.

SO ORDERED. Entered this 15th day of June 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge